*KSC/10.01.24*

USDC- BALTIMORE
'24 OCT 2 PM3:10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. BAH-24-0289 |
| | * | |
| QIHAI TAO, | * | (Conspiracy to Commit Money |
| | * | Laundering, 18 U.S.C. § 1956(h); |
| Defendant. | * | Conspiracy to Distribute Controlled |
| | * | Substances, 21 U.S.C. 846; Forfeiture, 21 |
| | * | U.S.C. § 853; Forfeiture, 18 U.S.C. § |
| | * | 982(a)(1) and (b)(1), 21 U.S.C. § 853, 28 |
| | * | U.S.C. § 2461(c)) |
| | * | |
| | * | |
| | * | |

## INDICTMENT

### COUNT ONE
(CONSPIRACY TO COMMIT MONEY LAUNDERING)

The Grand Jury for the District of Maryland charges:

From a date unknown to the Grand Jury but no later than December 2023 and continuing until on or about September 2024, in the District of Maryland, and elsewhere, the defendant,

**QIHAI TAO,**

did knowingly combine, conspire, and agree with persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a.      to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of such specified unlawful

activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

        b.    to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

18 U.S.C. § 1956(h)

## COUNT TWO
### (CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE)

The Grand Jury for the District of Maryland further charges:

From a date unknown to the Grand Jury but no later than December 2023 and continuing until on or about September 2024, in the District of Maryland, and elsewhere, the defendant,

**QIHAI TAO,**

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(1) and (b)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One and Two of this Indictment.

### **Money Laundering Forfeiture**

2.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

### **QIHAI TAO,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

### **Narcotics Forfeiture**

3.      Upon conviction under offense alleged in Count Two of this Indictment, the defendant,

### **QIHAI TAO,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

4

**Substitute Assets**

4.      If, as a result of any act or omission of the defendant, any of the property described

above as being subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided

          without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C

§ 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 982(a)(1) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron / am.
EREK L. BARRON
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date: 10·02·24

5